IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL

Evelyn Santacruz, and
David Santacrz, her spouse,

    Plaintiff,

vs.

Case No: **09 18541 DIVISION D**

Target Corporation, a
Foreign Corporation and
John Doe,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, Evelyn Santacruz, and David Santacrz, her spouse, sue Defendant, Target Corporation, a Foreign Corporation and John Doe, Manager of Target Corporation, and alleges as follows:

### General Allegations

1. This is an action for damages that exceeds fifteen thousand and no/100 dollars ($15,000.00).

2. At all times material hereto, Defendant, Target Corporation, is a foreign corporation doing business in St. Petersburg, Pinellas County. Florida

3. At all times material hereto, John Doe was employed by Defendant, Target Corporation, as the store manager on the date of the incident and resided in the state of Florida at that time and place.

php                          Page 1 of 6



EXHIBIT A

4. On or about January 8, 2008, Plaintiff was shopping in Target Corporation located at Number 0655 in Tampa, Hillsborough County, Florida, when she slipped and fell on a wet, foreign substance on the floor of the aisle where she was shopping.

### Count I - Negligent Maintenance Against Target Corporation

5. Plaintiff adopts and re-alleges Paragraphs One (1) through Four (4) above as if above as if fully set forth herein.

6. Defendant, Target Corporation, had a duty to provide a safe environment for patrons.

7. The Defendant, Target Corporation, had a duty to ensure that the doorway and floor are safe for patrons to walk.

8. The Defendant, Target Corporation, through its agents and employees, breached the above described duties in the following ways:

    a. negligently failing to provide a safe shopping environment for patrons;

    b. negligently inspecting the floor and doorway to ensure that they are safe for patrons.

9. As a direct and proximate result of the above-referenced negligence of Defendant, Target Corporation, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and the minor plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Evelyn Santacruz, demands judgment for costs and damages against Defendant, Target Corporation, and demands a trial by jury on all issues so triable.

### Count II-Negligent Failure to Warn Against Target Corporation

10. Plaintiff adopts and re-alleges Paragraphs One (1) through Four (4) above as if above as if fully set forth herein.

11. Defendant, Target Corporation, had a duty to warn of dangerous conditions.

12. Defendant, Target Corporation, was negligent and breached the above described duty including, but, not limited to, the following ways:

　　a. failing to warn of the dangerous condition on the floor and the doorway area.

13. As a direct and proximate result of Defendant's negligence, Plaintiff fell, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Evelyn Santacruz, demands judgment for costs and damages against Defendant, Target Corporation, and demands a trial by jury on all issues so triable.

## Count III – Negligent Mode of Operation

14. Plaintiff adopts and re-alleges paragraphs One (1) through Four (4) above as if above as if fully set forth herein.

15. Defendant, Target Corporation, had a duty to warn of dangerous conditions.

16. Defendant, Target Corporation, had a duty to use reasonable care in the mode of operation of its business premises.

17. Defendant, Target Corporation, was negligent and breached the above described duty including, but, not limited to, the following ways:

   a. safely maintaining the floor and doorway area;

   b. failing to have a system in place to regularly inspect, maintain and repair floor and doorway area; and

   c. failing to have a system in place to regularly inspect the floor and doorway to ensure they are safe.

18. As a direct and proximate result of Defendant's negligence, Plaintiff fell, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Evelyn Santacruz, demands judgment for costs and damages against Defendant, Target Corporation, and demands a trial by jury on all issues so triable.

## Count IV – Claim Against John Doe, Manager of Target Corporation

19. Plaintiff adopts and re-alleges paragraphs One (1) through Eighteen (18) above as if above as if fully set forth herein.

20. John Doe, a Florida resident, was the store manager of the Target Corporation store located at 3001 34th Street North, St. Petersburg, Pinellas County, Florida at the time of the accident.

21. John Doe, as part of the course and scope of his employment, has the responsibility of training employees, dealing with the needs of the customers and ensuring the maintenance of the store floor and doorway.

22. Defendant, John Doe, was negligent and breached the above described duty including, but, not limited to, the following ways:

    a. safely maintaining the floor and doorway area;

    b. failing to have a system in place to regularly inspect, maintain and repair floor and doorway area; and

    c. failing to have a system in place to regularly inspect the floor and doorway to ensure they are safe.

WHEREFORE, Plaintiff, Evelyn Santacruz, demands judgment for costs and damages against Defendant, John Doe, and demands a trial by jury on all issues so triable.

### Count V – Consortium Claim of David Santacruz

23. Plaintiff, David Santacruz, re-alleges and re-incorporates Paragraphs One (1) through Twenty-two (22) above as if fully set forth herein.

24. David Santacruz is the lawful husband of Evelyn Santacruz.

25. As a direct and proximate result of the injuries to Evelyn Santacruz, David Santacruz has in the past and will in the future suffer the loss of her services, companionship, and consortium; that he has in the past and will in the future incur great expenses to doctors, hospitals, for medication and similar items.

WHEREFORE, Plaintiff, David Santacruz, demands judgment for costs and damages against Defendants, Target Corporation and John Doe, and demands a trial by jury on all issues so triable.

Dated July 6, 2009.

JOHN BALES ATTORNEYS

Rolando G. Guerra, Jr.
Florida Bar No: 602401
A Bales Professional Association
9700 Dr. Martin Luther King, Jr. St. N., Suite 400
St. Petersburg, FL 33702
Telephone: (727) 823-9100
Telefacsimile: (727) 579-9109
Attorney for Plaintiffs