UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Evelyn Santacruz, and
David Santacruz, her spouse,

    Plaintiff,

vs.                                      Case No: **8:09-cv-01565-SDM-MAP**

Target Corporation, a
foreign corporation and
John Doe,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO JOIN ADDITIONAL PARTY DEFENDANT AND TO FILE AMENDED COMPLAINT AND FOR REMAND AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Plaintiffs, EVELYN SANTACRUZ and DAVID SANTACRUZ, by and through the undersigned counsel, and file this Motion for Leave to Join Additional Party Defendant and to File Amended Complaint and for Remand and Memorandum of Law in Support as follows:

1. For the entry of an order pursuant to Rules 20(a)(2) and 21 of the Federal Rules of Civil Procedure to identify and add as a party defendant in this cause SHANE SPASSOF and directing service of process upon him. The proposed defendant, SHANE SPASSOF, was previously identified as John Doe, in Plaintiffs' original complaint; and

2. For the entry of an order pursuant to Rule 15(a) of the Federal Rules of Civil Procedure permitting plaintiffs to file immediately and to serve upon defendants a supplemental complaint joining SHANE SPASSOF; and

3. For the entry of an order remanding this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Civil Division, pursuant to 28 U.S.C. 1447(e) because the proposed defendant, SHANE SPASSOF is a non-diverse defendant.

4. A copy of the supplemental complaint proposed to be filed if this motion is granted is attached to this motion. The supplemental complaint asserts against the proposed defendant a right to relief arising out of the same series of occurrences and presents questions of law and fact common to all defendants.

## FACTS

5. This litigation arises out of a slip and fall accident.

6. Plaintiff sustained injuries when on June 25, 2007, Plaintiff, Evelyn Santacruz was shopping in Target located in Tampa, Florida. Specifically, Evelyn Santacruz slipped and fell on a wet foreign substance on the floor of the aisle where she was shopping in Target.

7. At the time of the above described incident SHANE SPASSOF was the store manager and resided in the state of Florida. As part of the course and scope of his employment, SHANE SPASSOF has the responsibility of training employees, dealing with the needs of the customers and ensuring the maintenance of the store floor and doorways. SHANE SPASSOF negligently carried out his duties and responsibility resulting in injury to Evelyn Santacruz.

8. On or about July 22, 2009, Plaintiff filed a civil action against Defendants, Target Corporation and John Doe, Target's store manager, for damages.

9. At the time the Complaint was filed, Plaintiffs' were uncertain as to the identity of the

store manager responsible for Plaintiffs' injuries.

10. On August 12, 2009, Target Corporation filed a Notice of Removal.

## DISCUSSION

Rule 21 of the Federal Rules of Civil Procedure provides in relevant part that parties may be added by order of the court on motion of any party at any stage of the action and on such terms as are just. Rule 20(a) of the Federal Rules of Civil Procedure further provides that persons may be joined in one action as defendants if there is asserted against them a right to relief in respect of a series of occurrences and if any question of law or fact common to all defendants will arise. Additionally, Federal Rule of Civil Procedure 15(a)(2) states in pertinent part that a party may amend its pleadings with leave of court. And the court should freely give leave when justice so requires.

In the present case, joinder of SHANE SPASSOFF is appropriate because he is an alleged tortfeasor and his liability is at issue. At the time of filing their Complaint, Plaintiffs were unsure of the identity of the store manager responsible for Plaintiffs' injuries. Nevertheless, in their original Complaint Plaintiffs included a claim against John Doe – a fictitious defendant identified as the store manager. Specifically, in paragraphs 21 and 22 of Plaintiff's Complaint and Demand for Jury Trial, Plaintiffs allege that the proposed Defendant, SHANE SPASSOFF, who was the store manager responsible for training employees, dealing with the needs of customers and ensuring the maintenance of the store floor and doorways, negligently carried out his duties resulting in Plaintiffs' injuries.

Granting Plaintiffs leave to amend their Complaint and join SHANE SPASSOF is appropriate because this matter is still in the very early stages of litigation and there will be no

prejudice to Defendant. Plaintiffs' original Complaint identified the store manager as "John Doe" thus giving notice to Defendant that Plaintiffs intended to bring this action against the store manager as well.

Additionally, there will be no prejudice to the Defendant, Target Corporation, because this case is still in the early stages of litigation. Specifically, the Complaint and Demand for Jury Trial as well as discovery requests in this case were served on Defendant, Target Corporation on July 28, 2009. Target Corporation filed its Notice of Removal and Answer to the Complaint on August 12, 2009. To date, however, Target Corporation has not responded to the discovery requests nor has it propounded discovery requests on Plaintiffs.

## MOTION TO REMAND

SHANE SPASSOF, is a resident of Florida, therefore amending the complaint to add a him as a defendant defeats the requirement of complete diversity and this action should be remanded to state court pursuant to 28 U.S.C. 1447(e) which provides in pertinent part that if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may permit joinder and remand the action to State court.

In determining whether to permit the joinder of a non-diverse defendant after removal, the district court must consider (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Espat v. Espat, 56 F.Supp.2d 1377 (M.D.Fla. 1999).

First, the purpose of Plaintiff's amended complaint is not to defeat jurisdiction. Instead, Plaintiff seeks to join the proposed defendant, SHANE SPASSOF because the slip and fall

accident resulting in Plaintiffs' injuries was caused, in part, by Mr. Spassof's negligence. Although Mr. Spassoff was not identified by name in Plaintiffs' initial Complaint, Plainitff's allegations in paragraphs 21 and 22 make clear that Plaintiffs' intended to hold Mr. Spassof responsible for Plainitff's injuries. *See* <u>White v. Wal-Mart Stores, Inc.,</u> 918 So.2d 357 (Fla. 1st DCA 2005) holding that customer who slipped and fell in store could bring cause of action for negligence against store manager individually.

The next factor to consider is whether Plaintiff was dilatory in asking for the amendment. This matter is in its very early stages. The Complaint was served on July 28, 2009, and Defendant filed its Answer on August 12, 2009. To date only the initial discovery requests served with the complaint have been propounded. Defendant has not served any discovery responses nor has Defendant propounded its own discovery requests on the Plaintiff. Moreover, no depositions have been taken or set.

The third factor to consider is whether the plaintiffs will be significantly injured if the amendment is not allowed. Here, the proposed defendant, SHANE SPASSOFF, presumably is an active tortfeasor. Since a corporation can only act through its employees, Target Corporation can only be found liable for Plaintiffs' injuries if Mr. Spassoff acted negligently. <u>Romero v. State</u> 790 So.2d 468, 471 (Fla. 5th DCA 2001). If Plaintiff is unable to prove that Mr. Spassoff, Defendant's store manager, negligently caused Plaintiffs injuries during the course and scope of his employment, the Plaintiffs claims may be defeated.

Lastly, in determining whether to permit joinder of the proposed defendant, this court should consider any other factors bearing on the equities. In the present case, if this court does not permit joining the proposed defendant, Plaintiff may have to file a separate suit against Mr.

Spassoff in state court in order to prove his negligence. Additionally, all of the issues in this case involve Florida law. The slip and fall accident took place in Tampa, Florida and the injured Plaintiff, Evelyn Santacruz, has received all her medical treatment in Tampa, Florida. While this court is most knowledgeable and familiar with Florida law, a state court may be more apt at interpreting and ruling on matters arising under Florida law pertaining to slip and fall accidents.

## CONCLUSION

Plaintiff's motion for leave to identify and join the store manager and file the attached proposed complaint should be granted because the proposed defendant is responsible for Plaintiffs' injuries. Additionally, Plaintiff's motion to remand this matter to state court should be granted because the proposed defendant destroys complete diversity and divests this court of subject matter jurisdiction.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I hereby certify that I have contacted opposing counsel concerning the above matter and opposing counsel object to the amendment of plaintiffs complaint as well as plaintiff's motion to remand this matter to state court.

_____
Rolando G. Guerra, Jr.
Florida Bar No: 602401
John Bales Attorneys
9700 Dr. Martin Luther King, Jr. St., Suite 400
St. Petersburg, FL 33702
Telephone: (727) 823-9100
Telefacsimile: (727) 579-9109
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I CERTIFY that I have filed Plaintiffs' Motion for Leave to Join Additional Party Defendant and to File Amended Complaint and for Remand and Memorandum of Law in Support with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to John L. Holcomb, Attorney for Defendant, Target Corporation, Hill, Ward, & Henderson, P.A., P.O. Box 2231, Tampa, Florida 33601 on this 8th of September 2009.

JOHN BALES ATTORNEYS

*[signature]*
Rolando G. Guerra, Jr.
Florida Bar No: 602401
John Bales Attorneys
9700 Dr. Martin Luther King, Jr. St., Suite 400
St. Petersburg, FL 33702
Telephone: (727) 823-9100
Telefacsimile: (727) 579-9109
Attorney for Plaintiff